**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES

    v.                                                      CR. No. 12-176-ML

ANGEL FELIZ

**MEMORANDUM AND ORDER**

Petitioner Angel Feliz ("Feliz")has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (Dkt. No. 35). For the reasons stated below, Feliz's motion is denied.

**I. Background and Travel**

On December 18, 2012, Feliz was charged by criminal information with knowingly and intentionally attempting to possess with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1)(A) and 846 (Dkt. No. 14). On the same day, Feliz entered into a plea agreement with the government, pursuant to which he pled guilty to the information; the government, in turn, promised to make certain favorable sentence recommendations (Dkt. No. 15). The parties further stipulated that the offense with which Feliz was charged "involved at least one kilogram, but less than three kilograms of heroin." Plea Agreement at 4.a. Under the terms of the agreement, Feliz also waived his right to appeal his conviction and the sentence imposed by the Court, provided the sentence was within or below the sentencing guideline range

1

determined by the Court. Id. at 12.

On January 29, 2013, Feliz pled guilty to the charge set forth in the information. Feliz agreed to the recitation of facts as they were presented by the government and he admitted that, on October 24, 2012, he attempted to take possession of what he knew to be at least one kilogram of heroin, with the intention to give it to someone else. Change of Plea Hearing Transcript 01/29/13 at 23:21-24:10 (Dkt. No. 39).

On May 9, 2013, Feliz was sentenced to 70 months incarceration, to be followed by supervised release of 3 years. Feliz's motion for a sentence variation was denied (Dkt. No. 22, Docket Entry 05/10/13). Although Feliz had waived his right to appeal his conviction and/or sentence, he filed a notice of appeal on or about August 26, 2013 (Dkt. No. 28). On February 4, 2014, the appeal was dismissed as untimely by the First Circuit Court of Appeals (Dkt. No. 32).

Subsequently, Feliz filed the instant motion to vacate under 28 U.S.C. §2255 (Dkt. No. 35). Feliz's motion was based entirely on his claim of ineffective assistance of counsel. Specifically, Feliz asserted that his counsel advised him to plead guilty although Feliz "was not involved knowingly in narcotics activity," §2255 Motion at Page 5, and he maintained that he was "entitled to a role in the offense reduction." Id. The government filed an objection (Dkt. No. 40), to which Feliz filed a reply (Dkt. No. 41).

On October 21, 2014, while Feliz's §2255 motion was pending, Feliz filed a motion pursuant to 18 U.S.C. 3582(c)(2) to reduce his sentence, based on the 2014 amendments to the United States Sentencing Guidelines (U.S.S.G.) (Dkt. No. 42). The government agreed that Feliz was eligible for a sentence reduction and filed a corresponding stipulation on December 11, 2014 (Dkt. No. 47). By order of this Court, Feliz's motion for reduction of sentence was granted and his sentence was reduced from 70 months to 57 months (Dkt. No. 48). Feliz's §2255 motion remained unaffected thereby.

**II. Standard of Review**

Pursuant to Section 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Relief under Section 2255 is available only if the Court finds a lack of jurisdiction, constitutional error, or a fundamental error of law. See United States v. Addonizio, 442 U.S. 178, 184-84, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) (holding that "an error of law does not provide a basis for a collateral attack unless the

claimed error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'")(quoting <u>Hill v. United States</u>, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)). A fundamental error of law is a defect "'which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" <u>Knight v. United States</u>, 37 F.3d 769, 772 (1st Cir.1994) (quoting <u>Hill v. United States</u>, 368 U.S. at 428, 82 S.Ct. at 471).

Under the Sixth Amendment, each defendant is guaranteed the right to effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a petitioner must show: that (1) counsel's performance was deficient, *i.e.* "counsel's performance fell below an objective standard of reasonableness;" and (2) the deficient performance prejudiced the defense, *i.e.* "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

To satisfy the first prong under Strickland, "the defendant 'must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment,' and the court then determines whether, in the particular context, the identified conduct or inaction was 'outside the wide range of professionally competent assistance.'" <u>United States v. Manon</u>, 608

F.3d 126, 131 (1st Cir.2010) (quoting Strickland, 466 U.S. at 690)). "Judicial scrutiny of the defense counsel's performance is 'highly deferential,' and the defendant must overcome a 'strong presumption ... that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Bucci v. United States, 662 F.3d 18, 30 (1st Cir. 2011)(quoting Strickland, 466 U.S. at 689, 104 S.Ct. 2052)).

With regard to the second prong, "[t]o demonstrate 'prejudice,' the defendant must show 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" United States v. Rodriguez, 675 F.3d 48, 57 (1st Cir. 2012)(quoting Porter v. McCollum, 558 U.S. 30, 38-39, 130 S.Ct. 447, 453, 175 L.Ed.2d 398 (2009)). Although the defendant is not required to show "'that counsel's deficient conduct more likely than not altered the outcome'" of his trial,[] it does require "'a probability sufficient to undermine confidence in [that] outcome.'" United States v. Rodriguez, 675 F.3d at 57 (quoting Porter, 558 U.S. at 43, 130 S.Ct. at 455-56)).

**III. Discussion**

As the government correctly points out, Feliz's first contention really challenges the voluntariness of his plea rather than raising an ineffective assistance of counsel claim. Feliz asserts that he was not knowingly involved in a narcotics transaction but that counsel "effectively instructed" Feliz to

5

plead guilty. Feliz also suggests that, "at worst, [he] agreed to pick up money." §2255 motion at Page 17 of 20.

Feliz's new contentions are entirely unsupported and in direct contradiction to his sworn statements at the change of plea hearing. Feliz repeatedly agreed that he attempted to possess at least one kilogram of heroin, see e.g., Transcript of Change of Plea Hearing at 10:21-11-5. Feliz agreed to the government's representation as to his knowing involvement in the drug transaction, and he admitted, upon direct questioning by the Court, that he was attempting to take possession of what he knew to be a kilogram of heroin. Id. at 24:4-7. Feliz also advised the Court that he was fully satisfied with the advice and representation he had received from his counsel, and he confirmed that he was pleading guilty of his own free will and not because someone had attempted to force him to plead guilty. Id. at 14:9-14.

Against this background and in light of the inculpating conversation recorded during the controlled drug transaction in which Feliz participated, his counsel's advice to plead guilty does not provide a basis for an ineffective assistance claim.

Secondly, Feliz asserts that his counsel failed to seek a role adjustment on his behalf. To qualify for a reduction in sentence level under U.S.S.G. §3B1.2 (for playing a minor role in the offense), a defendant must show that he is "both less culpable than his confederates (or, at least, most of them) and less culpable

6

than the mine-run of those who have committed similar crimes." United States v. Garcia-Ortiz, 657 F.3d 25, 29 (1st Cir. 2011)(citing United States v. Ocasio, 914 F.2d 330, 333 (1st Cir.1990)). In this case, Feliz arranged to travel to Rhode island to pick up narcotics from another individual and he, in fact, accepted the drugs and placed them into his car. Under those circumstances, Feliz has not met his burden of proving that he is entitled to a minor role adjustment.

Moreover, the record demonstrates that Feliz's counsel filed a motion for a sentence variance based, in part, on the contention that Feliz "was aware he was picking up a controlled substance but he was not aware of the type or quantity until told by the CI [confidential informant]." Def.'s Mem. Mot. Variant Sentence (Dkt. No 22) at Page 1. Counsel also portrayed Feliz as an "uninformed intermediary" who was attempting to earn $500 while unemployed. Id. at Page 3 of 5.

In light of (1) Feliz's inability to qualify for a minor role adjustment, and (2) counsel's efforts to obtain a lower sentence by obtaining a variance, Feliz's contention that he received ineffective assistance of counsel because his counsel did not seek a minor role adjustment is unsupportable.

**IV. Conclusion**

For the foregoing reasons, Feliz's motion to vacate and set aside the judgment of conviction under 28 U.S.C.§2255 is DENIED and

DISMISSED.

## Ruling on Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability ("COA") because Feliz has failed to make "a substantial showing of the denial of a constitutional right" as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Feliz is further advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See Rules Governing Section 2255 Cases, Rule 11(a).

SO ORDERED.


/s/ Mary M. Lisi

Mary M. Lisi
United States District Judge

March 17, 2015